

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/20

September 8, 2020

**BY CM/ECF**

The Honorable Gregory H. Woods
United States District Judge
United States District Court for the
   Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

**MEMORANDUM ENDORSED**

   Re:   <u>Linda Hirshman v. Don Franzen (20 Civ. 06322 (GHW))</u>

Dear Judge Woods:

    We represent Defendant Don Franzen. We write pursuant to Rules 1(e) and 2(c) of the Court's Individual Rules of Practice to advise the Court that Mr. Franzen: (1) intends to file a motion seeking to compel Plaintiff to arbitrate her claims and to stay these proceedings in accordance with Sections 3 and 4 of the Federal Arbitration Act (the "Motion to Compel"); and (2) requests that the Court extend his time to answer, respond or otherwise move until thirty days after the Court issues a Decision on the Motion to Compel.

    Mr. Franzen's last day to file an answer or responsive pleading to the Complaint is currently September 10, 2020.

    On June 1, 2017, Mr. Franzen and third-party Elizabeth Weber, on the one hand, and Ms. Hirshman, on the other, entered into a contract whereby Mr. Franzen and Ms. Weber acquired certain rights in a book that Ms. Hirshman wrote (the "Contract"). Section 14 of the Contract, entitled "Arbitration" states that "Any claim, dispute, misunderstanding or controversy or charge of unfair dealing arising under, in connection with, or out of this Agreement, or the breach thereof, shall be submitted to arbitration before one arbitrator, to be held under the rules and regulations of the American Arbitration Association in New York, New York."

    Mr. Franzen submits that Ms. Hirshman's claims in this action are subject to the binding arbitration provision, and that those claims should have been brought, and certainly should be adjudicated, at the American Arbitration Association ("AAA"). In this regard, there already is a current arbitration dispute concerning these matters being tried at the AAA under its Commercial Division Rules – encaptioned *Sisters Project LLC v. Hirshman* – in which Ms. Hirshman could have interposed her claims. That arbitration was filed on July 10, 2020, more than a month before this action was commenced (on August 12, 2020).

    In our written communication with Ms. Hirshman's counsel concerning this submission, Ms. Hirshman's counsel advised us that they:

        "acknowledge the parties' agreement dated June 1, 2017 (the "Agreement") contains an arbitration provision [but] our position is that the arbitration provision

is irrelevant to the claim asserted in this action, which relates to your client's tortious interference with our client's agreements with third-parties. The Court, therefore, will not be determining whether the arbitration provision is enforceable/binding, but rather will be deciding two distinct, though related, issues: (i) in the first instance, whether the Agreement is even applicable to plaintiff's claim (which we clearly do not think it is) and (ii) only if the Court rules in the affirmative on the first issue, whether the Court or the arbitrator gets to determine if plaintiff's claim is subject to arbitration under the Agreement.

Respectfully, it is well-settled in this Circuit that: (1) where there is a binding arbitration agreement; (2) that agreement specifically references the rules of a specific arbitration forum; and (3) the rules of that arbitration forum empower the arbitrator to determine issues of arbitrability, the court should compel the action to arbitration for the arbitrator to determine the arbitrability of the claims. *See Contec Corp. v. Remote Sol., Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005) ("[W]hen ... parties explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator.") (citations omitted); *Mobile Real Estate, LLC v. NewPoint Media Group, LLC*, --- F.Supp.3d ----, No. 19-cv-11475, 2020 WL 2521451 at * 8 (S.D.N.Y. May 18, 2020) ("when the parties explicitly incorporate into an arbitration agreement the AAA Rules, this serves as clear and unmistakable evidence" of the intent to delegate questions of arbitrability.")(internal quotations omitted).

The arbitration agreement at issue here – which Ms. Hirshman concedes exists (*supra*) – explicitly incorporates into it "the rules and regulations of the American Arbitration Association". The AAA Rules specifically empower the arbitrator "to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." American Arbitration Association, *Commercial Arbitration Rules and Mediation Procedures* R-7(a).

Accordingly, Mr. Franzen's Motion to Compel will ask the Court to order Plaintiff to arbitrate her claims – such that the arbitrator will determine the arbitrability of the claims in the Complaint – and to stay these proceedings.

In connection with the application, Mr. Franzen submits that the issues raised by the Motion to Compel, and thus the Federal Arbitration Act, are threshold questions, such that it is in the interest of both judicial economy and party resources to defer or stay any challenge to or consideration of the substantive merits of Ms. Hirshman's claims until the Motion to Compel is adjudicated. *See Contec Corp.*, 398 F.3d at 207 (quoting District Court for the proposition that the movant's right to enforce the arbitration provision is a "threshold question"); *Mobile Real Estate, LLC*, 2020 WL 2521451(considering competing motions concerning arbitration at outset of action). In this regard, the Court's decision on whether there is a binding arbitration provision and whether the Court or the arbitrator will adjudicate arbitrability will determine whether an arbitrator will consider the substantive merits of Ms. Hirshman's claims and Mr. Franzen's defenses thereto. *See Nicosia v. Amazon.com, Inc.*, 84 F. Supp. 3d 142, 153 (S.D.N.Y. 2015) (matters related to the substance of plaintiff's claims are for the arbitrator to adjudicate).

Accordingly, Mr. Franzen asked Ms. Hirshman to agree, subject to this Court's approval, that: (1) this Court would first adjudicate the Motion to Compel, and (2) if the Motion to Compel is denied, Mr. Franzen will have thirty (30) days after entry of an Order denying the Motion to Compel to file an answer or pre-motion to dismiss submission (which commences the motion to dismiss process pursuant to Your Honor's Individual Practice Rule 2(c)), and can, without limitation, raise any defenses or grounds for dismissal to the Complaint that Mr. Franzen may assert under Federal Rule of Civil Procedure 12.

Ms. Hirshman refused to agree to Mr. Franzen's request, and instead insisted that Mr. Franzen now "mov[e] under FRCP 12 on **all** grounds defendant contends are dispositive of the action." (emphasis in original). For the reasons set forth above, and based on the applicable precedent in this Circuit (*see supra*), we submit that there is no basis for Ms. Hirshman's demand. Further, we note the significant threshold issues that must be determined before substantive merits are considered, including the enforcement of the arbitration agreement and arbitrability. A dispositive motion should be considered only after this Court determines the Motion to Compel and the issue of the arbitrability of Ms. Hirshman's claims is also determined, whether that be by this Court or the arbitrator.

Accordingly, we respectfully requests that the Court: (1) set a briefing schedule on the Motion to Compel; and (2) extend his time to answer, respond or otherwise move until thirty days after the Court issues a Decision on the Motion to Compel.

We thank the Court for its attention to this letter.

Respectfully submitted,

David I. Greenberger
O: (212) 658-1946 ext. 204
E: david@baileyduquette.com

cc:   Gabriel Levinson, Esq. (by ECF)
      Darnell Stanislaus, Esq. (by ECF)

The Court will hold a conference call regarding Defendant's proposed motion on September 14, 2020 at 2:00 p.m. The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in Light of COVID-19 available on the Court's website, and are specifically directed to comply with Emergency Rule 2(C).

SO ORDERED.

Dated: September 9, 2020                              _____
New York, New York                                    GREGORY H. WOODS
                                                      United States District Judge