

600 Third Avenue, 42nd Floor, New York, NY 10016  •  (212) 684-0199

September 11, 2020

Gabriel Levinson
212.413.2853
212.202.7582 Fax
glevinson@polsinelli.com

By CM/ECF

Hon. Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

    Re:    **Hirshman v. Franzen, Case No. 1:20-cv-06322-GHW**

Dear Judge Woods:

    Our firm represents Plaintiff Linda Hirshman ("Hirshman") in the above-referenced action. While the Court has scheduled a conference call on Monday to discuss Defendant Don Franzen's ("Defendant") proposed motion to compel arbitration (the "Motion to Compel"), I write to respond to certain misconceptions in Defendant's counsel's September 8, 2020 letter to the Court (ECF Doc. 10), as well as to provide context to, and to clarify, Hirshman's position on Defendant's proposed bifurcated briefing approach, which Hirshman objects to on the following grounds.

**I.    This Action Arises from Defendant's Tortious Interference
with Hirshman's Business Relations with Third-Parties**

    Hirshman is a well-known and best-selling author. (ECF Doc. 1 (Complaint) at ¶ 2.) Hirshman authored *Sisters in Law* (the "Book") in 2015—the best-selling account of the respective ascents of trailblazing Supreme Court Justices Sandra Day O'Connor and Ruth Bader Ginsberg, and their contributions to the advancement of the women's rights movement. (*Id.*)

    In June 2017, Hirshman entered into an agreement (the "Limited Stage Agreement") with Defendant and non-party Elizabeth Weber ("Weber") granting them limited stage rights to adapt the Book into a stage production—*i.e.*, a play. (*Id.* at ¶ 13.) However, this agreement has no bearing on this action.

    As set forth more fully in the Complaint in this action, in 2018, Hirshman entered into negotiations with two production companies (backed by well-known and acclaimed women in media and television) to the rights to motion picture, television, merchandising, and the allied and

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California
74738078



September 11, 2020
Page 2

ancillary rights therein based on the Book. (*Id*. at ¶¶ 15, 18 and n.2, n.3.) Hirshman and the production companies entered into a modified quitclaim book option purchase agreement, dated as of January 16, 2019, for motion picture, television, merchandising, and the allied and ancillary rights therein in and to the Book (the "Purchase Agreement"). (Compl. at ¶ 32.)

From 2018 to the present day, Defendant has set out to destroy Hirshman's and other parties' ability to use, sell, or purchase all of the other rights in and to her Book (excluding the limited stage rights), and has tortiously interfered with the Purchase Agreement. The means Defendant has employed include false assertions, legal threats and/or intimidating conduct primarily directed at the women behind the production companies with which Hirshman was negotiating. (*Id.* at ¶¶ 16-30, 33-39.)

Accordingly, Hirshman commenced this action on August 11, 2020, seeking damages related to Defendant's deliberate interference with Hirshman's business relations with third-parties. Defendant was served with the Complaint in this action on August 20, 2020 and his current deadline to respond to the Complaint is September 10, 2020.

**II.     Defendant's Proposed Bifurcated Briefing Approach Is Not Appropriate Here**

On August 27, 2020, my colleague Darnell Stanislaus and I participated on a conference call with Defendant's counsel, David Greenberger. Defendant's counsel said he recently had been retained in this action, and requested that the parties jointly seek an extension of Defendant's September 10, 2020 response deadline to accommodate his prior scheduling conflicts. During this conference call, counsel for the parties agreed on a three-week extension of Defendant's response deadline to October 1, 2020. Defendant's counsel also proposed filing the Motion to Compel, and asked if the parties could agree on a briefing schedule. I asked Defendant's counsel to put the agreed-upon extension and his proposal in writing. On September 2, 2020, counsel e-mailed a draft joint letter he sought to file with the Court, which included a proposal to file the Motion to Compel and adjourn all deadlines to respond to the Complaint until after the Court rules on the Motion to Compel. The draft was objectionable for several reasons, which my colleague Mr. Stanislaus explained in a September 4, 2020 email to Mr. Greenberger (the "September 4th Email"). (A copy of the September 4th Email is annexed hereto as Exhibit "1".) Defendant's counsel's letter to the Court selectively quotes from the September 4th Email without the context or bases for Hirshman's position on Defendant's bifurcated briefing approach.

It is uncontroverted that the Limited Stage Agreement (not the Purchase Agreement) contains an arbitration provision; however, the Limited Stage Agreement is irrelevant to this action (which seeks damages for Defendant's tortious interference with separate agreements Hirshman negotiated with third-parties). Hence, the Motion to Compel should be brought as a Federal Rule



September 11, 2020
Page 3

of Civil Procedure 12(b) motion that includes all other potential bases that Defendant contends are dispositive of this action, as explained to Mr. Greenberger in the September 4th Email:

> Given the early posture of the action, we think judicial economy and the parties' resources are best served by defendant moving under FRCP 12 on all grounds defendant contends are dispositive of the action. It would be an obvious waste of resources for the parties to potentially brief (and the court to potentially decide) two separate dispositive motions when we can brief all threshold issues at once and resolve definitively whether this action will proceed before Judge Woods or not. As I am sure you already know, defendant's motion to compel arbitration can be brought as a FRCP 12(b)(1) motion and—to the extent it even matters—plaintiff would not object to defendant framing the motion in that manner.

(Ex. 1 at 1.) Indeed, not only would it would be inequitable for Defendant to get two 'bites at the apple', but it would unduly increase Hirshman's litigation costs to have to prepare for and defend two dispositive motions and oral arguments regarding same.

As is also set forth in the September 4th Email, Defendant's stated position on the arbitration issue misapprehends the law and conflates the necessary legal analyses required to resolve the issue:

> [Hirshman's] position is that the arbitration provision is irrelevant to the claim asserted in this action, which relates to your client's tortious interference with our client's agreements with third-parties. The Court, therefore, will not [merely] be determining whether the arbitration provision [in the Limited Stage Agreement] is enforceable/binding, but rather will be deciding two distinct, though related, issues: (i) in the first instance, whether the [Limited Stage Agreement] is even applicable to plaintiff's claim (which we clearly do not think it is) and (ii) only if the Court rules in the affirmative on the first issue, whether the Court or the arbitrator gets to determine if plaintiff's claim is subject to arbitration under the [Limited Stage Agreement].

(*Id.*) Defendant's counsel did not respond to the September 4th Email or attempt to engage in any further discussion to resolve the issues raised therein; he did not file with the Court (pursuant to the Court's Individual Practice Rule 1(E)) a letter requesting an adjournment of Defendant's current response deadline to October 1, 2020; and he did not advise the Court that Hirshman



September 11, 2020
Page 4

already had consented to such extension. Defendant's letter was filed without any notice to Hirshman.

Substantively, Defendant's letter misses the point since there is no basis for Defendant's proposed Motion to Compel. *First*, Defendant misstates that the arbitration proceeding entitled, *Sisters Project LLC v. Hirshman*, Case No. 01-20-0009-8574 (the "Arbitration"), relates to this action. (ECF Doc. 10 at 2.) It does not. Defendant is not a party-in-interest in the Arbitration, but rather is the legal representative and a member of the Claimant in the arbitration, Sisters Project LLC ("Sisters Projects"). This action, however, relates solely to Defendant's tortious conduct as an individual—Sisters Projects is not a party to this action. Further, the arbitration commenced by non-party Sisters Projects seeks a declaration of *its* rights under the Limited Stage Agreement and therefore is utterly irrelevant to this action.

*Second*, and most significantly, Defendant wrongly asserts that the arbitration provision in the Limited Stage Agreement is applicable to this action. It is not. Defendant did not disclose to this Court that he conceded he did not have standing to commence the Arbitration since he and Weber previously assigned "all their right, title and interest in the [Limited Stage Agreement]" to Sisters Projects on June 1, 2018 (the "Assignment"). (A copy of the Assignment is attached hereto as Exhibit "2".) Simply put, Defendant cannot avail himself of rights under a contract that he freely assigned to a third-party more than two years ago. Sisters Projects stands in the shoes of Defendant, and only Sisters Projects is bound by the arbitration provision—not Defendant. Moreover, the arbitration provision is limited and does not provide that an assignor, such as Defendant, is bound by such provision.

Accordingly, all of the cases cited in Defendant's letter (ECF No. 10 at 2) are distinguishable and inapposite because none of them involved a party seeking to invoke an arbitration provision from an agreement the party no longer retained any rights under. *See Contec Corp. v. Remote Sol., Co., Ltd.*, 398 F.3d 205, 209 (2d Cir. 2005) (involving corporate successor of original signatory to arbitration agreement); *Mobile Real Estate, LLC v. NewPoint Media Group, LLC*, --- F. Supp. 3d ---, No. 19-cv-11475, 2020 WL 2521451, *2-4 (S.D.N.Y. May 18, 2020) (involving original signatories to arbitration agreement); *Nicosia v. Amazon.com, Inc.*, 84 F. Supp. 3d 142 (E.D.N.Y. 2015) (same).

Given the futility of Defendant's proposed motion, requiring Defendant to move under Federal Rule of Civil Procedure 12(b) on all grounds Defendant contends are dispositive of this action is in the best interests of judicial economy and the parties' financial resources. Hirshman therefore respectfully requests that the Court deny Defendant's request to bifurcate the filing of potentially dispositive motions.

74738078



September 11, 2020
Page 5

        We thank the Court for its consideration.

                              Sincerely,

                              Gabriel Levinson

DSS:rjc

Enclosures

74738078