UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA HIRSHMAN,<br><br>                               Plaintiff,<br><br>    -against-<br><br>DON FRANZEN,<br><br>                               Defendant. | Case No. 20 Civ. 06322 (GHW) |

## DECLARATION OF DON FRANZEN

I, Don Franzen, an attorney duly admitted to practice in the courts of the State of California, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury, based on my personal knowledge, as follows:

1. I am the Defendant in the above-encaptioned action, and have personal knowledge of the facts set forth herein.

2. I submit this Declaration in support of my Motion to Compel arbitration and Stay this matter.

3. I have been fortunate to have built a successful entertainment law practice over my forty-five year career. My practice is based in Beverly Hills, California and covers many aspects of the entertainment industry, with an emphasis on the music industry. I lecture on entertainment law and am an adjunct professor teaching law and business practice in the music industry at the University of California, Los Angeles. I am also a fellow at the University of Southern California Institute for the Humanities, and the legal affairs editor for the Los Angeles Review of Books.

4. From time-to-time, I am personally involved in entertainment industry projects that interest me.

5. Elizabeth Weber ("Weber") is an experienced entertainment producer, business advisor, and advocate for the arts. She has produced creative stage shows at major venues and concert halls across the world. Weber is also a two-time Billboard Manager of the Year, and has served as a board of member of the Los Angeles Opera.

6. Attached hereto as Exhibit 1 is the contract that Weber and I, on the one hand, and Plaintiff Linda Hirshman ("Hirshman"), on the other, entered into as of June 1, 2017, whereby Weber and I acquired certain rights in Hirshman's book *Sisters in Law.* (the "Contract"). In exchange, Hirshman received an initial payment of $1,000, and is due to receive 25% of total author royalties, 25% of net receipts from subsidiary rights, plus other consideration as specified in the Contract.

7. The book *Sisters in Law* profiles the career of Sandra Day O'Connor and Ruth Bader Ginsburg, the first two women to serve as Supreme Court justices.

8. The Contract refers to Weber and me collectively as "the Producers", and I thus do so herein. *See* Ex. 1.

9. When Hirshman, Weber and I entered into the Contract, we agreed that Weber and I could assign our rights in the Contract. More specifically, in Paragraph 16 of the Contract ("Producer's Rights to Assign"), Hirshman and the Producers expressly agreed that the "Producers shall have the right freely to assign this Agreement, provided the assignee agrees to be bound by this Agreement." *See* Ex. 1 at ¶ 16.

10. Accordingly, Weber and I "formed a California Limited Liability Company, Sisters Projects [LLC], for the purpose of exploiting the Producers' rights under the Hirshman

Agreement" and assigned our rights in the Contract to that entity, effective June 1, 2018. Attached hereto as Exhibit 2 is the Assignment of Rights Agreement between the Producers (i.e., Weber and me) and Sisters Project LLC.

11. Attached hereto as Exhibit 3 are the respective documents Sisters Project LLC has filed with the California Secretary of State concerning its formation and management, inclusive of its: (a) May 30, 2018 Articles of Incorporation (LLC); (b) October 2, 2018 Statement of Information (LLC) ; and (c) June 18, 2020 Statement of No Change (LLC).  These documents reflect that Sister Project LLC's business is "[t]heatrical and media presentations", and that I am its corporate Secretary and agent, and a member who manages it, along with Weber.

12. Weber and I have maintained these responsibilities and titles on Sisters Project LLC's behalf.  We have also acted as, and held the title of, producers with respect to its projects.

13. I also serve as an attorney to Sisters Project LLC.

14. To date, Sisters Projects LLC has successfully co-produced the play "Sisters in Law" in two cities – Phoenix, Arizona in April 2019 and Beverly Hills, California, in September 2019.

15. The rights the Contract grants to the Producers "automatically revert" to Hirshman, without any action of any kind by Producers, unless there is "a First-Class Production of the Play which opens during the option period as extended" (and there was no merger of rights).  *See* Ex. 1 at ¶ 5.  That option currently extends until at least June 2022.  In this regard, attached hereto as Exhibit 4 is the $5,0000 check Sisters Project LLC paid Ms. Hirshman on April 2, 2020 to extend the option.

16. In 2018, and then again in 2020, I sent certain correspondence to protect the rights that the Contract conveys to the Producers, and later Sisters Project LLC; and to respond to

3

Hirshman's potential and actual impairment of the same.  I did so in my role as a party to the Contract and as an attorney for, and producer, member and agent of, Sisters Projects LLC.

17. Attached hereto as Exhibit 5 is the privileged May 2, 2018 "NOTICE TO CEASE AND DESIST" letter that I sent to David Bugliari ("Bugliari"), who is actress Alyssa Milano's ("Milano") husband and agent, to address issues directly arising out of the Contract.  In this regard, the letter is marked "PRIVILEGED COMMUNICATION SUBJECT TO LITIGATION PRIVILEGE [CIV. CODE § 47(b)]".

18. Attached hereto as Exhibit 6 is the June 4, 2018 litigation protected settlement letter that I wrote – as a California attorney – to address issues directly arising out of the Contract with Milano's counsel. The specific portion of Exhibit 6 addressing a settlement offer has been redacted so as to not waive settlement privilege.

19. Attached hereto as Exhibit 7 is a true and correct copy of the June 17, 2020 email that I sent to Hirshman's attorney, Kieran Doyle, concerning a dispute over the Contract, including the possibility of arbitration.

20. Attached hereto as Exhibit 8 is the Arbitration Demand I filed on or about July 10, 2020 with the American Arbitration Association ("AAA"), as the attorney for, and as a member of, Sisters Projects LLC.

21. Attached hereto as Exhibit 9 is the Amended Arbitration Demand I filed on or about September 8, 2020 with the American Arbitration Association ("AAA"), as the attorney for, and as a member of, Sisters Projects LLC.

22. On August 10, 2020 the AAA appointed Arbitrator Maura J. Wogan to adjudicate the arbitration.

23. Attached hereto as Exhibit 10 is Arbitrator Wogan's Order, issued on August 20, 2020, denying Hirshman's duals Motions seeking: (1) a declaration that I was wrongfully practicing law in New York by bringing the arbitration (i.e., the exact allegation in Paragraph 7 of the Complaint here); and (2) "an order terminating the Arbitration on the ground that Sisters Projects is not a party to the underlying agreement at issue and containing the arbitration provision."

24. Attached hereto as Exhibit 11 is Rule 7 of the AAA's *Commercial Arbitration Rules and Mediation Procedures* (July 1, 2016).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Los Angeles, California
October 9, 2020

_____
Don Franzen