# EXHIBIT 10

American Arbitration Association

Order#_____

Case Number: 01-20-0009-8574

Sisters Projects LLC

-vs-

Linda Hirshman

By letters dated July 28, 2020, August 12, 2020 and emails dated August 14, 2020 and August 18, 2020, Respondent Linda Hirshman in AAA Case No. 01-20-0009-8574 (the "Arbitration") requested: (1) a declaration that Mr. Franzen, who is not admitted to practice law in the State of New York, cannot represent Claimant Sisters Projects LLC ("Sisters Projects") in the Arbitration; and (2) an order terminating the Arbitration on the ground that Sisters Projects is not a party to the underlying agreement at issue and containing the arbitration provision and, therefore, has no standing to assert a claim for breach of that agreement in the Arbitration.

Claimant opposed both requests in letters dated .August 5, 2020 and August 17, 2020.

For the reasons set forth below, I deny both of Respondent's requests.

**Mr. Franzen is Not Engaged in Unauthorized Practice of Law.**

The Rules of the Court of Appeals related to the temporary practice of law in the State of New York make clear that Mr. Franzen is not engaged in the unauthorized practice of law by participating in the Arbitration. NYCRR, Part 523.2 (a) (3) (iii) ("A lawyer who is not admitted to practice in this State may provide legal services on a temporary basis in this State if …the temporary services … are in or reasonably related to a pending or potential arbitration held or to be held in this or another jurisdiction…").

**Claimant Has Standing to Assert its Claim in the Arbitration.**

In the Demand for Arbitration, dated July 7, 2020, Claimant Sisters Projects alleges a breach of an agreement, dated June 1, 2017, between Elizabeth Weber and Don Franzen, on the one hand, and Respondent Hirshman, on the other hand (the "Agreement").  Paragraph 14 of the Agreement states:

> Any claim, dispute, misunderstanding or controversy or charge of unfair dealing arising under, in connection with, or out of this Agreement, or the breach there of, shall be submitted to arbitration before one arbitrator, to be held under the rules and regulations of the American Arbitration Association in New York, New York.

Paragraph 16 of the Agreement states:

> [Elizabeth Weber and Don Franzen] shall have the right freely to assign this Agreement, provided the assignee agrees to be bound by this Agreement.

Respondent Hirshman, through her counsel, argues that Claimant Sisters Projects is not a party to the Agreement containing the arbitration provision and that "[a]bsent Claimant providing proof of a prior assignment [of the Agreement] and that assignee agrees to be bound by the agreement," the Arbitration should be terminated.

By letter dated August 17, 2020, Claimant Sisters Projects provided to this Arbitrator and counsel for Respondent a copy of the Articles of Organization for Claimant Sisters Projects and a written assignment, dated June 1, 2018, of the Agreement by Elizabeth Weber and Don Franzen to Claimant Sisters Projects. In the assignment, Sisters Projects expressly agreed to be bound by all of Ms. Weber's and Mr. Franzen's obligations pursuant to the Agreement.

Based on the foregoing, I find that Claimant Sisters Projects has standing to assert its claim for breach of the Agreement in the Arbitration.

Claimant's request for costs in connection with Respondent's requests is denied.

*[signature: Maura J. Wogan]*

**Dated:** _____11-18-19_____       _____

                                                                **Arbitrator Maura Wogan**